IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KENNETH KIDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Joseph S. Eisenhauer, Larry Thomason, ) | |
| Doug Miller and Bob Richard, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Kenneth Kidwell [hereafter "Kidwell"], and for his cause of action against the Defendants, Joseph S. Eisenhauer [hereafter "Eisenhauer"], Larry Thomason [hereafter "Thomason"], Doug Miller [hereafter "Miller"] and Bob Richard [hereafter "Richard"][from time to time the four defendants are collectively referred to as "Defendants"], states as follows:

### NATURE OF CLAIMS

1.  Kidwell's claim is brought pursuant to 42 U.S.C. § 1983 and specifically alleges that he was retaliated against for exercising his rights under the First Amendment to the United States Constitution.

## JURISDICTION

2. Kidwell's claims are premised upon acts of Congress and state a federal cause of action. As such, this Court has jurisdiction to hear all issues raised herein under the authority of 28 U.S.C. § 1331.

## VENUE

3. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of 28 U.S.C. § 1391(b). The defendants all reside within the confines of this judicial district and they all engage in business within this judicial district. Furthermore, the actions giving rise to this matter occurred in Danville, Illinois.

## CONSTITUTIONAL RIGHTS ALLEGED TO HAVE BEEN VIOLATED

4. In this complaint Kidwell alleges that the Defendants violated his constitutional rights under the First Amendment.

## PARTIES

5. Kidwell is a sworn law enforcement officer who has been employed by the City of Danville, Illinois Police Department continuously since December of 1992.

6. Eisenhauer is an adult and, at all times relevant to this claim, has been employed by the City of Danville, Illinois as its Mayor. Eisenhauer was acting under color of law with respect to all allegations raised in this complaint. He is being sued in his individual capacity.

7. Thomason is an adult and, at all times relevant to this claim, has been employed by the City of Danville, Illinois as Director of Public Safety. Thomason was

acting under color of law with respect to all allegations raised in this complaint. He is being sued in his individual capacity.

8. Miller is an adult and, at all times relevant to this claim, has been employed by the City of Danville, Illinois as a Deputy Director of its Police Department. Miller was acting under color of law with respect to all allegations raised in this complaint. He is being sued in his individual capacity.

9. Richard is an adult and, at times relevant to this claim, was employed by the City of Danville, Illinois as a Deputy Director of its Police Department. Richard was acting under color of law with respect to all allegations raised in this complaint. He is being sued in his individual capacity.

### Retaliation Allegations
*First Amendment Retaliation*

10. Paragraphs 1-9 are incorporated herein.

11. On February 11, 2008 Kidwell spoke out at a union meeting. During the meeting Kidwell asked the members of the Union to consider a vote of no confidence against Eisenhauer, Thomason, Miller, Richard and other individuals who are not named as defendants.

12. During the course of the February 11, 2008 meeting Kidwell expressed his views that the defendants had placed the lives of police officers in jeopardy. Kidwell explained that there had been threats on the lives of Danville police officers and other citizens of Danville and that the defendants did not take appropriate actions to protect said individuals and they interfered with criminal investigations that were to

investigate the death threats against police officers and potential harm to other members of the public.

13. Shortly after Kidwell expressed his concerns, Eisenhauer, Thomason, Miller and Richard were all made aware of the statements.

14. The above statements were made during the course of a union meeting and were not made pursuant to any employment obligation imposed upon Kidwell. Rather, Kidwell's intention was to act in the role of a public citizen.

15. After Kidwell made the above statements the four defendants began retaliating against him for exercising his rights under the First Amendment. The acts of retaliation included, but was not limited to, the following incidents:

    A. On or about April 15, 2008 Kidwell was erroneously disciplined;

    B. On or about April 22, 2008 the defendants provided false information relating to Kidwell to a prominent local media outlet in an attempt to damage his reputation;

    C. In both April and May of 2008, the defendants placed restrictions on his ability to perform his job that were not applicable to other officers;

    D. Had supervisory duties and responsibilities taken from him on or about May 23, 2008; and

    E. Kidwell had important work items taken from him.

17. On August 18, 2008 Kidwell again spoke out at a union meeting and complained about misconduct on the part of Richard. The verbal complaints Kidwell made included complaints that Richard had acted in a manner that was adverse to the safety of law enforcement officers and the safety of the general public.

18. Thomason, Miller and Richard were all present when Kidwell made his comments that were critical of Richard on August 18, 2008.

19. At the time Kidwell made his comments on August 18, 2008 he was not acting as a police officer. Rather, he was acting in the capacity of a private citizen and he had no employment duty to present these issues to his union.

20. After Kidwell made the statements outlined above, the retaliation against him continued. The following are certain, but not limited to those enumerated, acts of retaliation that were taken by the defendants against Kidwell both because of his statements on February 11, 2008 and those statements he made on August 18, 2008:

    A. Subjected to a disciplinary inquiry in September, 2008;

    B. Was erroneously suspended without pay for two days on September 17, 2008;

    C. On January 29, 2009 Kidwell was erroneously ordered to attend a fitness for duty evaluation;

    D. On January 30, 2009 Kidwell was erroneously placed on paid administrative leave;

    E. On February 6, 2009 Kidwell was placed on administrative leave without pay; and

    F. On multiple occasions after January 30, 2009, the defendants have refused Kidwell's requests to return to work.

21. As a result of the foregoing actions Kidwell has been injured. In this respect, he has sustained emotional distress damages, damages to his reputation and loss of wages and other employment related benefits.

WHEREFORE, Kidwell respectfully requests that this Court enter judgment in his favor and against the Defendants and provide the following relief:

(a) Award Kidwell damages sufficient to compensate him for economic losses suffered as a result of the aforementioned conduct alleged in this complaint;

(b) Award Kidwell compensatory and punitive damages to the extent permitted by law;

(c) Assess against the defendants the costs and expenses incurred by Kidwell in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(d) Provide such other relief as the Court deems to be equitable and just.

**THE PLAINTIFF, KENNETH KIDWELL, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS COUNT WHICH MAY BY LAW BE PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.**

By: /s/ John A. Baker
His Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:      (217) 522-3445
Facsimile:      (217) 522-8234
E-mail:         johnbakerlaw@sbcglobal.net

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KENNETH KIDWELL,

### DEFENDANTS
JOSEPH S. EISENHAUER, LARRY THOMASON, DOUG MILLER and BOB RICHARD,

(b) County of Residence of First  Vermilion
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
(217) 522-3445

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | x 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | X 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | X 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights / ☐ 555 Prison Condition |  |  |

(740 Railway Labor Act; 790 Other Labor Litigation; 791 Empl. Ret. Inc. Security Act)

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. § 1983 and the First Amendment of the United States Constitution.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND over $10,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 7-24-09

SIGNATURE OF ATTORNEY OF RECORD

| FOR OFFICE USE ONLY | | | | |
|---|---|---|---|---|
| RECEIPT # _____ AMOU _____ | APPLYING IFP _____ | | JUDGE _____ | MAG. JUDGE _____ |

DATE
JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.