## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| KENNETH KIDWELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 09-CV-2179** |
| | ) | |
| JOSEPH S. EISENHAUER, LARRY | ) | |
| THOMASON, DOUG MILLER and | ) | |
| BOB RICHARD, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

This case is before the court for ruling on the Bill of Costs (#29) and Motion for Fees and Costs as Prevailing Party (#30) filed by Defendants Joseph S. Eisenhauer, Larry Thomason, Doug Miller and Bob Richard. Plaintiff, Kenneth Kidwell, has filed a Memorandum of Law in Opposition to Petition to Assess Attorney's Fees (#37). This court has carefully considered the arguments of the parties. Following this careful and thorough review, Defendants' Bill of Costs (#29) is ALLOWED and Defendants' Motion for Fees and Costs (#30) is DENIED as to the request for attorney's fees.

## BACKGROUND

Plaintiff filed a Complaint (#1) in this court under 42 U.S.C. § 1983 alleging that he had been retaliated against for exercising his rights under the First Amendment. On April 12, 2011, this court entered a lengthy Opinion (#25) and granted Defendants' Motion for Summary Judgment. This court determined that there was no evidence to support Plaintiff's contention that he was disciplined because he spoke out at two union meetings. This court concluded that, "[s]tated simply, the record firmly supports the conclusion that Defendants' actions regarding Plaintiff were justified based upon Plaintiff's conduct." This court further stated that the "fact that Plaintiff spoke at two union

meetings does not mean that Defendants could not take actions regarding Plaintiff which were clearly warranted based upon Plaintiff's conduct." This court found that Plaintiff had made no showing that there was a genuine dispute of material fact regarding whether his speech at the union meetings was the "but-for" cause of Defendants' actions so that Defendants were entitled to summary judgment on all of Plaintiff's claims.

## COSTS AND ATTORNEY'S FEES

### 1. BILL OF COSTS

On April 21, 2011, Defendants filed their Bill of Costs (#29). Defendants sought costs in the amount of $3,381.65 and attached documentation detailing the recoverable costs they incurred in successfully defending this action. Plaintiff has not objected to any of the costs requested.

Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Accordingly, Defendants' Bill of Costs (#29) is allowed and Plaintiff is ordered to pay Defendants' costs in the total amount of $3,381.65.

### 2. ATTORNEY'S FEES

Defendants also filed, on April 21, 2011, a Motion for Fees and Costs as Prevailing Party (#30). Defendants argued that a prevailing defendant may obtain attorney's fees if the plaintiff litigated "in bad faith." Defendants also argued that a plaintiff should be assessed his opponent's attorney's fees if the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Defendants argued that Plaintiff pressed several claims of retaliation in his Complaint and throughout discovery only to completely abandon them in his response to Defendants' Motion for Summary Judgment.

Defendants sought an award of $14,665 in attorney's fees. These fees were billed for preparing the Motion for Summary Judgment, reviewing Plaintiff's summary judgment submissions and preparing a Reply Memorandum.

On June 21, 2011, Plaintiff filed a Memorandum of Law in Opposition to Petition to Assess Attorney's Fees (#37). Plaintiff argued that Defendants are not entitled to an award of fees based upon the applicable law.

In any action proceeding pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Although the statute specifies the award of such fees is within the court's discretion, it is clear that prevailing defendants have a much harder row to hoe than do prevailing plaintiffs." Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill., 424 F.3d 659, 675 (7th Cir. 2005). The United States Supreme Court has held that a prevailing plaintiff "is to be awarded attorney's fees in all but special circumstances" but that a prevailing defendant is not entitled to an award of attorney's fees unless a court finds that the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417, 422 (1978). This standard has been applied to cases arising under § 1983. Hughes v. Rowe, 449 U.S. 5, 14-15 (1980); Roger Whitmore's Auto., 424 F.3d at 675. The Seventh Circuit has defined a suit as frivolous "if it has no reasonable basis, whether in fact or in law." Roger Whitmore's Auto., 424 F.3d at 675.

This court notes that the evidence presented to this court showed that Plaintiff engaged in conduct which clearly warranted the imposition of discipline. Therefore, this court has no trouble concluding that Plaintiff's § 1983 claim that he was disciplined in retaliation for his speech at two

union meetings was decidedly weak. However, in <u>Roger Whitmore's Auto.</u>, the Seventh Circuit stated:

> As our extensive discussion of Roger's claims on the merits indicates, Roger's theory of the case was not so lacking in reasonableness that it should be deemed frivolous and thus eligible for fee-shifting under § 1988. . . . True, it was ultimately revealed that Roger's evidence established that his case was weak at best-so weak, in fact, that no triable issues of fact could be discerned and the defendants were entitled to summary judgment in the entirety. But a weak case does not a frivolous case make, so we must conclude that the district court abused its discretion with regard to the award of fees in Del Re's favor.

<u>Roger Whitmore's Auto.</u>, 424 F.3d at 675-76; <u>see also</u> <u>Khan v. Gallitano</u>, 180 F.3d 829, 837 (7th Cir. 1999) ("There is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success.").

This court concludes that the same is true in this case, the case was weak but not quite frivolous. Therefore, it would be an abuse of discretion to award attorney's fees to Defendants.

This court recognizes that Defendants have focused their argument on the fact that, in responding to the Motion for Summary Judgment, Plaintiff abandoned four of the eleven actions he had alleged were taken in retaliation for his speech. Defendants also pointed out that Plaintiff failed to develop any significant argument with respect to many of the remaining allegedly retaliatory actions. Defendants argued that it should have been clear to Plaintiff's counsel, at least at the close

of discovery, that Plaintiff's claims were "non-starters." Defendants relied on <u>Mach v. Will County Sheriff</u>, 580 F.3d 495, 501 (7th Cir. 2009).

In <u>Mach</u>, the Seventh Circuit affirmed an award of attorney's fees to the defendant under the Fair Labor Standards Act. In that case, the district court expressly determined that the plaintiff knew that five of the six bases for his claim were "worthless" and "non-starters" and the fees awarded were limited to the unnecessary expenses incurred after the plaintiff "permitted litigation to continue after discovery had erased any doubt that his arguments had even a chance of success." <u>Mach</u>, 580 F.3d at 501. The Seventh Circuit stated, however:

> We emphasize that not every plaintiff who avers multiple grounds for relief, only to subsequently abandon some of them, will be vulnerable to sanctions-even if such abandonment comes during the summary judgment stage. A plaintiff may determine as a matter of strategy that a weak, yet non-frivolous, argument is no longer worth presenting so that he may focus the court's attention on his more meritorious claims. It is also possible that a party might be so persuaded by an opponent's summary judgment brief that he justifiably abandons a claim. We certainly do not encourage plaintiffs to persist in meritless arguments through summary judgment simply to avoid sanctions; in fact, abandoning unprovable claims generally indicates the *absence* of bad faith. Such practice benefits the parties, the court, and, ultimately, the efficient administration of justice.

<u>Mach</u>, 580 F.3d at 501-02 (emphasis in original). This court agrees with Plaintiff that <u>Mach</u> does not support an award of attorney's fees in this case. Plaintiff claimed that he had been retaliated against for exercising his First Amendment rights and outlined a number of different instances that he deemed to be retaliatory. Plaintiff did not persist in arguing all of them in response to the Motion for Summary Judgment. This court concludes, based upon <u>Mach</u>, that Plaintiff's decision to abandon his weakest claims and to present little argument regarding other claims does not warrant the imposition of attorney's fees.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Bill of Costs (#29) is ALLOWED. Plaintiff is ordered to pay Defendants' costs in the total amount of $3,381.65.

(2) Defendants' Motion for Fees and Costs as Prevailing Party (#30) is DENIED.

(3) Because Plaintiff filed his response to Defendants' Motion for Fees and Costs, and this court considered it even though it was late, Plaintiff's Motion for Extension of Time to File Response (#36) is MOOT.

ENTERED this 30th day of June, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE